756 So.2d 815 (2000)
Robert Earl BUFORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-CP-00693-COA.
Court of Appeals of Mississippi.
January 25, 2000.
*816 Robert Earl Buford, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Robert Buford pled guilty in Circuit Court of Lafayette County to six criminal charges in exchange for a recommended sentence as a habitual offender to twenty years without parole. The trial court accepted the recommendation of the prosecution and sentenced Buford accordingly.
¶ 2. Buford filed a motion for post-conviction relief with the trial court alleging that the portion of his indictment charging him as a habitual offender was fatally defective for its failure to conclude with the words "against the peace and dignity of the State of Mississippi." He further claims that he received ineffective assistance of counsel because his attorney failed to raise the issue of the defective indictment prior to Buford's entry of a plea of guilty.
¶ 3. The trial court denied Buford any relief on his motion and Buford perfected this appeal. We affirm the decision of the trial court.

I.

Claim One: The Defective Indictment
¶ 4. A substantive defect in an indictment cannot be waived by entry of a guilty plea and may be raised in a motion for post conviction relief. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). However, non-substantive defects in the indictment curable by amendment and not requiring further grand jury action may be waived if not timely raised. Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995). Entry of a guilty plea is, itself, an act of waiver of all defects in the indictment that could have been cured by amendment. Foster v. State, 716 So.2d 538(¶ 5) (Miss. 1998); Brandau, 662 So.2d at 1055.
¶ 5. Buford alleges that the failure of the portion of the indictment charging him as a habitual offender to conclude with the phrase "against the peace and dignity of the State of Mississippi" is substantive, citing McNeal v. State, 658 So.2d 1345 (Miss.1995). In that case, the Mississippi Supreme Court affirmed a conviction for burglary, but reversed and rendered an adjudication that McNeal was a habitual offender subject to enhanced punishment because the charging language concerning McNeal's prior convictions was contained on a separate sheet of paper and did not conclude with the language mandated by Section 169 of the Mississippi Constitution of 1890. Id. at 1348-49. In McNeal, the State unsuccessfully argued that the omission was harmless error as being merely a technical defect that did nothing to prejudice McNeal in the defense of the charges. Id. at 1349-50. The supreme court, despite a finding of lack of prejudice, agreed with McNeal that the habitual offender *817 portion of his indictment was fatally defective. Id. at 1350.
¶ 6. Buford's argument based solely on the McNeal case hits a snag in the form of the subsequent case of Brandau v. State, 662 So.2d 1051 (Miss.1995). In that case, the supreme court found that an indictment defective only for its omission of the Section 169 language at its conclusion was defective in a formal sense only and was a matter curable by amendment. Id. at 1055. The court then observed that a failure to timely demur to such a defect constituted a waiver of the defect. Id. This holding did not overrule McNeal but certainly left it to be applied in only the narrowest of situations where an obstinate prosecutor declines to request leave to amend the indictment after the matter has been timely raised by the defense. Certainly, McNeal has no effect in this case since it is fundamental criminal law that the entry of a guilty plea is, in itself, a waiver of defects of form curable by amendment. Foster v. State, 716 So.2d 538(¶ 5) (Miss.1998).

II.

Claim Two: Ineffective Assistance of Counsel
¶ 7. Buford's second claim of ineffective assistance of counsel requires us to view the matter from a somewhat different slant. In this alternative claim of entitlement to relief, Buford suggests that he was ill served by his counsel when the attorney permitted him to plead guilty to an indictment that was defective under the holding in McNeal. However, though it may be true that Buford's counsel permitted him to plead guilty to an indictment less than perfect in its form, the law is quite clear that this fact alone does not entitle Buford to relief. A successful claim of ineffective assistance of counsel must include evidence that, but for the attorney's deficient performance, the outcome of the proceeding was likely to have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 8. It is against this proposition that Buford's alternative claim spends its fury. Had Buford's attorney timely raised the defect in the habitual offender portion of the indictment, there can be little doubt that it would have been summarily cured by appropriate motion by the State and an amending order entered by the trial court. At that point, Buford would have found himself in essentially the same position, in terms of his criminal jeopardy, as he was before the matter was raised. We are satisfied, therefore, that a timely raising of this defect in the indictment did not have any reasonable prospect of producing a more favorable outcome of Buford's case than the one he actually obtained. On that basis, we find his claim of ineffective assistance of counsel to be without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.