791 So.2d 885 (2001)
Michael Lee WALKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00239-COA.
Court of Appeals of Mississippi.
July 24, 2001.
*886 Randolph Walker, West Point, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Jackson, Attorney for Appellee.
Before KING, P.J., LEE, and CHANDLER, JJ.
LEE, J., for the Court:
¶ 1. Michael Lee Walker pled guilty pursuant to three separate indictments in the Circuit Court of Alcorn County for the crimes of robbery, burglary, and sexual battery. The State dismissed certain other charges for burglary and attempted rape in return. Facing up to 100 years had he gone to trial for each charge, Walker was sentenced to fifteen years for robbery; twenty-five years, five suspended, for burglary; and thirty years, ten suspended, for sexual battery, all to run concurrently with one another, or a total of twenty years to serve. Walker subsequently filed a motion for post-conviction relief in the Circuit Court of Alcorn County under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS.CODE ANN. §§ 99-39-1 to 99-39-29 (1994 and Rev.2000), and a hearing on the motion was granted. The motion was denied and he now appeals, asserting as error that his *887 motion for relief should have been granted because his guilty plea was not voluntarily and intelligently made, and he was not advised of the mandatory minimum sentence. We have reviewed the record and affirm the trial court.

STANDARD OF REVIEW
¶ 2. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). "Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). Such findings are treated the same as findings of fact made by a trial judge sitting without a jury. As long as the correct legal standards were applied, the decision of the trial judge will not be reversed on appeal unless it is manifestly in error or is contrary to the overwhelming weight of the evidence. Foster v. State, 639 So.2d 1263, 1281 (Miss.1994). Where conflicting testimony in the record has been resolved by the trier of fact, this Court generally must affirm. Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992). "It is enough to say that the [trial judge sitting without a jury], and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993). The trial judge's conclusions will not be disturbed on appeal where there is substantial supporting evidence in the record, even if we might have found otherwise as an original matter. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994).

ISSUE AND DISCUSSION

DID THE COURT ERR IN FINDING THAT THE DEFENDANT'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY MADE?
¶ 3. In asserting that his plea was not voluntary and intelligent, Walker first contends that he is of below average intelligence and does not have the ability to comprehend the consequences of admissions made in a legal setting. In making this assertion in his brief, Walker has referenced his motion for post-conviction relief in support thereof. Allegations in motions do not constitute proof of matters alleged. Gordon v. State, 349 So.2d 554, 555 (Miss.1977).
¶ 4. The record of the guilty plea proceeding indicates that Walker was thirty-one years of age at the time of the pleas, that he had a twelfth grade education, that he had been married and divorced, and that he was at that time working in the landscaping business. The trial court questioned him extensively regarding his knowledge of the crimes charged and the consequences of his pleading guilty to those crimes prior to accepting the plea.
¶ 5. The assistant district attorney, Jim Pounds, testified at the hearing for Walker's motion for post-conviction relief. Pounds stated that he informed Walker of the plea offer and the charges that were being dropped. Pounds said that he made sure Walker understood the offer, that he observed him and that he seemed to understand exactly what he was talking about at the time prior to the plea. Walker himself did not testify in support of his motion for post-conviction relief, however, Walker's mother and sister testified. Walker's mother stated that Walker was in special education and that he made it through school only because of his athletic abilities. Though the mother testified that it was her opinion that Walker did not understand the guilty plea proceedings, *888 she also stated that Walker told her "him and the girl had sex" and that he admitted to her his guilt of the robbery charge. Walker's sister testified that Walker should not have pled guilty because he could beat the case. We do not find that this testimony supports Walker's claim that he could not or did not understand the legal proceedings when he pled guilty.
¶ 6. Walker also complains that he was subjected to a meeting with Pounds, prior to pleading guilty, which excluded his family members. He states in his brief that he had asserted his innocence prior to this meeting but was convinced at the meeting that it was best to accept the State's offer. Because Walker did not testify at his hearing on his motion for post-conviction relief, there is no record evidence of his interpretation of this meeting. The implication in his brief is that Pounds convinced him to plead guilty against his will. The record, however, shows that Pounds spoke with Walker at the request of Walker's counsel to ensure that Walker understood what the State proposed to offer in exchange for the pleas and that Walker was at all times in the presence of his own attorney. The record does not suggest that Walker pled guilty because of any improper influence by the assistant district attorney.
¶ 7. In addition, Walker contends that he was not advised of the mandatory minimum sentence for the offenses with which he was charged and that his plea could not have been voluntarily and intelligently made, and cites Vittitoe v. State, 556 So.2d 1062, 1065 (Miss.1990). The record shows that Walker was thus advised, pursuant to Miss.Code Ann. § 47-5-139(1)(d) (Rev. 2000), at the guilty plea hearing:
Also, Your Honor, he's been advised by myself and Ms. Reid in Ms. Reid's presence that on the 20-year sex offense he would have to serve on a sex crime 100 percent of the time.
The unimpeachable record evidence belies Walker's claim, for he was clearly informed of his mandatory minimum sentence. This fact dispenses with any need to elaborate. Walker has not bourne his burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR.