McMILLIN, C.J.,
for the Court.
¶ 1. Pedro Delarosa entered a plea of guilty to three counts of drug-related offenses in the Circuit Court of Tishomingo County. One count involved the sale of more than one kilogram of marijuana. A second count alleged that Delarosa engaged in a conspiracy with certain other named individuals to sell more than one kilogram of marijuana. The third count charged Delarosa with participating in a separate criminal conspiracy with other individuals to sell more than one ounce of marijuana.
¶ 2. Delarosa’s pleas of guilty were not entered in exchange for a recommended sentence from the prosecution. Rather, the record indicates that Delarosa had rejected a proposed recommendation from the prosecution, the terms of which do not appear in the record, and elected instead to accept whatever sentence the court imposed.
¶ 3. Delarosa was sentenced to a term of twenty years with ten years to serve and ten years suspended on good behavior. Delarosa received an identical sentence on the conspiracy count involving the larger quantity of drugs, with that sentence to run concurrently with the sentence for the drug sale. He received a five year sentence on the remaining conspiracy charge to run concurrently with the other two sentences.
¶ 4. After his incarceration, Delarosa filed a motion for post-conviction relief in which he claimed that his guilty plea was not freely and voluntarily entered because, despite information appearing in the record of his plea acceptance hearing, Delaro-sa claims that his counsel assured him that he would only have to serve eight years with twelve suspended, rather than the ten he actually received. Delarosa claims that his attorney persuaded him to misrepresent the truth when the trial court inquired as to whether he had received any promises in regard to his sentence in exchange for his pleas. He further alleged that he received ineffective assistance of counsel because his attorney did not contest the conspiracy indictments on grounds of double jeopardy.
¶ 5. The trial court denied relief without hearing and Delarosa perfected this appeal. We affirm.
I.
Secret Understanding Regarding Sentencing
¶ 6. Delarosa alleges in his post-conviction relief motion that his attorney assured him if he would plead guilty, he would only be sentenced to eight years to serve and any remaining sentence would be suspended on good behavior. Delarosa does not provide any factual support for that claim other than his own assertion. The trial court may decline post-conviction relief without a hearing when it is plain on the face of the motion itself that the prisoner is not entitled to relief. Miss.Code Ann. § 99-39-11(2) (Rev. 2000). It is the duty of the prisoner to demonstrate, through affidavits or otherwise, the existence of facts that, if proven to the court’s satisfac *1290 tion at a hearing, would entitle him to relief. Miss.Code Ann. § 99-39-23 (Rev. 2000). The Mississippi Supreme Court has held that, in those instances when alleged facts are supported solely by the assertion of the prisoner himself and the assertions are contradicted by the record, the court may deny relief without a hearing. Gable v. State, 748 So.2d 703, 706 (¶¶ 11-12) (Miss.1999).
¶ 7. The record of the plea acceptance hearing makes it quite clear that Delarosa understood the maximum sentence he could receive if his pleas of guilty were accepted and he represented to the court under oath that he had received no promises or assurance as to any particular sentence. Delarosa, in his post-conviction relief motion, provides no indication that he has any evidence to support his unsubstantiated claim that there was some sort of an under-the-table agreement that he would only be sentenced to eight years. He does not suggest what parties were involved in that agreement or lend the slightest plausibility to his claim by explaining why, were it indeed the case that he would only have to serve eight years, the process could not have been accomplished through the normal means of a sentencing recommendation from the prosecution to be subsequently acted on in open court by the trial judge. We do not find Delarosa’s unsupported, facially improbable assertions which directly contradict his own sworn declarations made at the plea hearing to raise the kind of disputed issue of fact needed to compel a hearing on a post-conviction relief motion. This issue is without merit.
II.
Double Jeopardy
¶ 8. Delarosa seems to be claiming that the conspiracy charges involve the same drugs for which he was charged on the sale count and asserts that, had his attorney explored the matter further, he would have discovered the fact and could have asserted a double jeopardy claim to the conspiracy indictments.
¶ 9. The law is well established in Mississippi that the offense of criminal conspiracy is complete once all of the essential acts of the crime have been accomplished and that, even if the actual crime being planned is subsequently accomplished, the two offenses do not merge into a single crime. State v. Thomas, 645 So.2d 931, 933 (Miss.1994). Thus, at least insofar as one conspiracy count is concerned, counsel’s alleged, lack of diligence in discovering that the marijuana in the conspiracy charge was the same marijuana actually sold would not entitle Delarosa to any relief.
¶ 10. There is a second aspect of this claim that must necessarily be considered in evaluating Delarosa’s claims. That involves the possibility that the marijuana in the conspiracy charge for more than an ounce of the drug was but a portion of the larger quantity covered in the conspiracy charge for more than a kilogram and that, therefore, there was only one conspiracy. Delarosa presents no factual evidence to support this claim and this Court observes that, on the face of the two indictments, different conspirators are named, which strongly suggests the existence of different, even if perhaps contemporaneous, conspiracies. Delarosa, as the movant in a post-conviction relief proceeding, has the burden of proof to show the existence of facts entitling him to relief. Walker v. State, 791 So.2d 885, 887 (¶ 2) (Miss.Ct.App.2001). In order to obtain a hearing, the prisoner must move beyond mere unsupported allegations of facts demonstrating his right to relief. He must demonstrate by affidavit or in some *1291 other manner reasonably satisfactory to the court that evidence exists to support the factual allegations of his motion. Miss.Code Ann. § 99-39-23 (Rev. 2000). Delarosa has failed to do so and, in fact, the existing record on its face strongly indicates the falsity of Delarosa’s unsubstantiated claim.
III.
Conclusion
¶ 11. Delarosa has failed to demonstrate that the trial court erred in dismissing his motion as being without merit. Delarosa failed to support his allegations with an appropriate showing that, given the opportunity, he could present credible evidence to factually establish the truth of his allegations. The trial court did not err in dismissing Delarosa’s motion without hearing.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.