818 So.2d 372 (2002)
Joe Boyd GIBSON a/k/a Undre Gibson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01413-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*373 Pro Se, attorney for appellant.
Office of the Attorney General, by W. Glenn Watts, attorney for appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Joe Boyd Gibson appeals from the denial of his request for post-conviction relief in the Winston County Circuit Court. Aggrieved, Gibson raises the following issues of error: (1) whether the indictment was defective; (2) whether he received ineffective assistance of counsel; and (3) whether the sentence violated the Fifth Amendment protection against double jeopardy. Finding no error, we affirm.

FACTS
¶ 2. On March, 30, 2000, the Winston County grand jury indicted Joe Boyd Gibson on one count of possessing marihuana within the Choctaw County Correctional Facility (correctional facility) and one count of conspiracy to possess marihuana within the correctional facility. Gibson, facing a life sentence as a habitual offender under section 99-19-83 of the Mississippi Code, pleaded guilty to both offenses. After hearing Gibson's guilty plea, the trial court accepted Gibson's plea as having been voluntarily, knowingly and intelligently made. The court, pursuant to the State's recommendations, then sentenced Gibson to seven years on the possession charge and three years on the conspiracy charge, sentences to run consecutively.

STANDARD OF REVIEW
¶ 3. In reviewing the trial court's denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). "Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made." Merritt v. State, 517 So.2d 517, 520 (Miss.1987).

LAW AND ANALYSIS

I. WAS THE INDICTMENT BROUGHT AGAINST GIBSON DEFECTIVE?
¶ 4. Gibson first argues that the indictment brought against him was invalid. *374 Specifically, Gibson contends that the indictment failed to have a case number listed on its face when it was handed down from the grand jury; therefore, the sentences on both charges must be vacated.
¶ 5. The Mississippi Supreme Court has stated that "[o]utside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). See also Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990); Buford v. State, 756 So.2d 815, 817 (¶ 4) (Miss.Ct.App.2000). As this Court has noted, a plea of guilt waives all defects in the indictment that are non-substantive. Buford, 756 So.2d at 817 (¶ 4). Any defect within the indictment that could be cured by amendment will be considered non-substantive. Id. A guilty plea does not however waive substantive defects, including: (1) subject matter jurisdiction and (2) the failure to charge the defendant with a criminal offense. Kincaid v. State, 711 So.2d 873, 877 (¶ 20) (Miss.1998); Black v. State, 806 So.2d 1162, 1164 (¶ 5) (Miss.Ct. App.2002).
¶ 6. Gibson fails to show how the absence of a cause number constitutes a substantive defect in the indictment. As the State correctly points out, Rule 7.06 of the Uniform Rules of Circuit and County Court Practice does not include any statement about the necessity for a cause number to appear on the face of the indictment. A close examination of the indictment against Gibson reveals that all seven factors listed under Rule 7.06 were satisfied. See Holloman v. State, 656 So.2d 1134, 1139 (Miss.1995) (noting that indictment is sufficient if it meets these requirements). Therefore, the failure to include a cause number on the indictment was a non-substantive error and subsequently waived by Gibson's plea of guilt. Additionally, we note that it is disputed as to whether the cause number was actually missing from the face of the indictment. As the trial court stated in denying Gibson's post-conviction relief argument pertaining to the indictment, "located in the court file is an indictment that clearly has Cause Number 2000-33-CR written on the face...." Either way, this argument is wholly without merit.

II. DID GIBSON RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Gibson next claims that his attorney's failure to object to the indictment amounted to ineffective assistance of counsel. Gibson asserts that counsel should have raised the issue of the indictment's invalidity when it became clear that the indictment lacked a cause number. However, as stated, the failure to include a case number on the face of the indictment was a non-substantive error waived when Gibson entered a plea of guilt to both charges. Moreover, regardless of Gibson's plea, counsel's failure to raise this error would not necessarily have entitled Gibson to relief. As this Court has stated on many occasions, "[a] successful claim of ineffective assistance of counsel must include evidence that, but for the attorney's deficient performance, the outcome of the proceeding was likely to have been different." Buford, 756 So.2d at 817 (¶ 7) (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This Court looks at the totality of the circumstances when determining if the defendant was prejudiced by counsel's representation. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 8. Gibson's claim for ineffective assistance of counsel is based on the erroneous assumption that the indictment's *375 failure to include a case number was a substantive mistake; therefore, his attorney's failure to raise this error and allow Gibson to plead guilty prejudiced his defense. As previously discussed, the mistake was not one of substance. Non-substantive errors contained in the indictment, subsequently waived by a guilty plea, are not subject to attack on grounds of ineffective assistance of counsel. See Buford, 756 So.2d at 817 (¶ 8). This is because non-substantive defects can simply be corrected by amending the indictment. Black v. State, 806 So.2d 1162, 1165 (¶ 7) (Miss.Ct.App.2002). Therefore, assuming the indictment was actually defective, we find that there can be little doubt that the State would have filed the appropriate motion to have it amended, leaving Gibson in the same position he was in at the time he pleaded guilty. As such, Gibson cannot show that his attorney's assistance resulted in prejudice. This assignment of error is without merit.

III. WAS GIBSON SUBJECTED TO DOUBLE JEOPARDY?
¶ 9. Gibson next argues that his Fifth Amendment right to be protected against double jeopardy was violated. According to Gibson, the charge of possession of marihuana within a correctional facility merged with the charge of conspiracy to possess a controlled substance.
¶ 10. The Mississippi Supreme Court has stated that the Fifth Amendment protection against double jeopardy encompasses three separate sub-protections: (1) protection against a second prosecution for the same offense following an acquittal; (2) protection against a second prosecution for the same offense following a conviction; and (3) protection against multiple punishments for the same criminal offense. Thomas v. State, 711 So.2d 867, 870 (¶ 14) (Miss.1998). Gibson's appeal centers around the third enumerated protection, leading this Court to turn once again to the seminal case of Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
¶ 11. Blockburger intervenes any time "an individual is charged with two offenses, and all the elements of one are included within and are a part of a second greater offense...." Stewart v. State, 662 So.2d 552, 561 (Miss.1995). The court concluded in Blockburger that "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. 180, 76 L.Ed. 306. See also Thomas, 711 So.2d at 870 (¶ 15); Meeks v. State, 604 So.2d 748, 751 (Miss.1992).
¶ 12. Since double jeopardy bars prosecuting a person for the same crime twice, and because conspiracy and transfer of a controlled substance have been shown to be separate crimes, we conclude that Gibson does not have a valid double jeopardy claim. See Davis v. State, 485 So.2d 1055, 1057 (Miss.1986) (stating that "[c]onspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy and does not become merged with that crime"). See also Thomas, 711 So.2d at 871 (¶ 16); Stewart, 662 So.2d at 561; Norman v. State, 381 So.2d 1024, 1028 (Miss.1980). In this case, the conspiracy crime was complete at the moment Gibson planned the necessary steps with the other conspirator to unlawfully transport marihuana into the correctional facility. See Delarosa v. State, 800 So.2d 1288, 1290 (¶ 9) (Miss.Ct.App.2001). As such, Gibson could have been convicted for conspiring to bring marihuana into the correctional facility even though he never came into actual possession of the narcotics. *376 Likewise, as the trial court noted when denying post-conviction relief, "[o]ne could have Possession of a Controlled Substance in a Correctional Facility without entering into a conspiracy. Conspiracy is not an essential element of the crime of Possession of a Controlled Substance in a Correctional Facility." This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO WINSTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.