¶ 1. This is an appeal brought by Johnnie Davidson from the judgment of the Chickasaw County Circuit Court denying any relief on Davidson's post-conviction relief motion. Davidson had previously pled guilty to four counts of uttering a forgery and two counts of grand larceny. In his post-conviction relief motion, Davidson alleged that he had received ineffective assistance of counsel and that he was denied his statutory right to be tried within 270 days of arraignment.
 I. Ineffective Assistance of Counsel
¶ 2. One day prior to the scheduled trial date, Davidson's court-appointed counsel asked to be relieved of his duties. Counsel asserted that Davidson had filed written complaints regarding his representation with state and federal authorities and that these actions served to undermine the viability of the attorney-client relationship. Davidson agreed that a change in attorneys was appropriate and claimed that his mother was in transit from Chicago for the purpose of providing funds to retain other counsel. Davidson complained that he had told his attorney of a number of witnesses favorable to the defense but that his counsel had not contacted these potential witnesses. Upon further inquiry, it developed that most of these witnesses were Davidson's fellow inmates in the Chickasaw County jail who, he claimed, could provide information showing that someone other than Davidson had committed the crimes.
¶ 3. The trial court, finding itself unconvinced as to Davidson's claim about his mother's efforts to obtain new representation for her son, refused to permit appointed counsel to withdraw from the case. However, upon the attorney's assertion that he was unprepared for trial to commence the following day, the court ordered a postponement in order to permit appropriate process to issue to insure the availability of Davidson's witnesses. The court specifically advised Davidson that the processes of the court were available to assist him in locating and procuring the attendance of his witnesses.
¶ 4. Shortly after these developments, Davidson elected to enter his plea of guilty to the various charges. Now, in his post-conviction relief motion, Davidson renews his complaint that his counsel failed to fully investigate the facts of his case and explore the possibility that these various purported witnesses could have provided evidence tending to absolve him from guilt.
¶ 5. Nowhere in his motion, by third-party affidavit or by his own sworn assertions, does Davidson reveal any details as to the full identity of these witnesses nor the particular evidence that any of them could have presented that would have tended to exonerate Davidson from the various charges that he faced. Neither does he assert that his counsel persisted in ignoring his requests for witnesses after the inquiry on the motion to relieve counsel. By statute and under long-established precedent, the movant in a post-conviction relief motion must make some reasonable demonstration of the actual existence of evidence that, if shown satisfactorily at a hearing, would indicate an entitlement to relief. Miss. Code Ann. *Page 160 
§ 99-39-5(1)(e) (Rev. 2000); McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989); Walker v. State, 791 So.2d 885, 887 (¶ 2) (Miss.Ct.App. 2001). Mere unsupported assertions contained in the motion may be disregarded by the trial court and the motion dismissed without the necessity of a hearing. Miss. Code Ann. § 99 39 11(2) (Rev. 2000); Mosley v. State, 749 So.2d 286, 288 (¶¶ 9-11) (Miss.Ct.App. 1999). In this case, the record shows that Davidson was informed that, should he so desire, the witnesses he claimed were invaluable to his defense would be made available for him at trial. His trial was postponed strictly to permit this to occur. There is nothing in the record to suggest that his counsel continued to refuse to act on Davidson's requests. Rather, insofar as the record reveals, Davidson simply elected at that point to enter his plea of guilty. In doing so, he informed the court that, despite any prior difficulties with his appointed counsel, he was, at the time he offered his plea, entirely satisfied with the representation counsel had provided. Thus, the record simply provides no support for the claim by Davidson that witnesses who could exonerate him existed and that the unavailability of potentially favorable witnesses was due to defense counsel's failure to adequately pursue this avenue of defense. We find this claim to be without merit.
 II. Statutory Speedy Trial Claim
¶ 6. Davidson sought dismissal of the indictments against him before entering his guilty plea on the basis that more than 270 days had transpired since his arraignment and that this constituted a violation of Miss. Code Ann. § 99-17-1 (Rev. 2000). The trial court denied the motion, finding that a portion of the time after arraignment was attributable to Davidson when he sought to change attorneys. No appeal from that ruling was taken. Instead, Davidson elected to plead guilty.
¶ 7. The entry of that plea of guilty acted as a waiver of any speedy trial claim, whether based on statutory or constitutional grounds.Anderson v. State, 577 So.2d 390, 391-92 (Miss. 1991). For that reason, such a claim cannot be the basis for post-conviction relief in these circumstances.
 III. Plain Error in Sentencing
¶ 8. The indictment returned by the grand jury during the February term listed three counts of uttering a forgery. At the plea hearing, the trial court erroneously indicated that it was accepting Davidson's guilty plea to four counts of uttering a forgery. The written sentencing order carried forward the same error. However, the sentence for all four counts was the same and the court ordered that the sentences be served concurrently. Davidson made no objection to this error during sentencing, nor did he raise the error in his post-conviction relief motion filed in the circuit court. Davidson raised this issue for the first time in his appeal when he mentioned the point briefly under the section of his brief entitled "Summary of Argument."
¶ 9. Despite the untimely assertion of this issue, we find that a purported judgment of conviction for a felony not charged in the indictment affects fundamental rights of the defendant that may not be waived or subjected to a procedural bar. Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss. 1998).
¶ 10. On the state of the record before us, we cannot conclude that this error was *Page 161 
a purely ministerial mistake in the judgment of sentence that might be corrected in summary fashion since the trial court made verbal reference to four counts when accepting the plea. Thus, there is the possibility, at least, that the number of alleged felonies involved could have affected the subjective determination by the trial court of an appropriate punishment. Despite this, we do not conclude that the court's misstatements regarding the number of forgery felonies involved legitimately affected the voluntary nature of Davidson's decision to plead guilty to the three forgery charges actually contained in the indictment and there is, therefore, no basis to set aside his guilty plea on this score. However, some relief is appropriate.
¶ 11. We determine the appropriate relief to be the following. The judgment of sentence previously entered in this cause is set aside and this matter is remanded to the Circuit Court of Chickasaw County for a new sentencing hearing at which time the court may, upon such further inquiry as the court deems appropriate, enter a judgment of sentence limited to suitable punishment for the three counts of uttering a forgery charged in Chickasaw County Circuit Court Cause No. HK2000-45, the court keeping in mind that constitutional considerations of double jeopardy prevent the assessment of a harsher punishment than that already adjudicated as to each count under the Double Jeopardy Clause of the Constitution of the United States. See Johnson v. State, 753 So.2d 449, 454-55 (¶¶ 13-15) (Miss.Ct.App. 1999), citing Leonard v. State,271 So.2d 445, 447 (Miss. 1973).
¶ 12. THE JUDGMENT OF SENTENCE IN CHICKASAW COUNTY CIRCUIT COURTCAUSE NO. HK2000-45 IS VACATED AND THIS CAUSE IS REMANDED FOR THE LIMITEDPURPOSE OF RE-SENTENCING THE APPELLANT ON THREE COUNTS OF UTTERING AFORGERY RATHER THAN THE FOUR COUNTS REFERENCED IN THE PRESENT JUDGMENT OFSENTENCE. THE DENIAL OF POST-CONVICTION RELIEF AS TO THE TWO COUNTS OFGRAND LARCENY IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO CHICKASAWCOUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND GRIFFIS, JJ., CONCUR.