892 So.2d 282 (2004)
Willie Charles TOWNSEND, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02015-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Rehearing Denied January 25, 2005.
*283 Willie Charles Townsend (pro se), attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
LEE, P.J., for the court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In June 1993, Willie Charles Townsend was convicted for the February 14, 1993 armed robbery of Judy Traxler. In October of that same year, Townsend was convicted of the February 24, 1993 armed robbery of Lenora Purvis and Lisa Myers. Townsend appealed both of his convictions, and this Court affirmed the convictions without published opinion. See Townsend v. State, 665 So.2d 906 (Miss.Ct.App.1995) and Townsend v. State, 687 So.2d 771 (Miss.Ct.App.1996). On April 7, 1997, Townsend filed an application seeking leave to pursue post-conviction relief in the trial court. In this petition, Townsend alleged that the indictment for his crimes was invalid because it was not signed by the foreman of the grand jury, Mrs. Ardelle Moore. Instead, Townsend claimed that the indictment bore the forged signature of Mr. Willie Maude Moore, who was not the foreman of the grand jury. The Supreme Court filed an order on July 25, 1997 noting that the claim was valid, however Townsend failed to make a substantial showing that he was denied a state or federal right.
¶ 2. Townsend once again applied for leave to pursue post-conviction relief, and in 2003 the Supreme Court granted Townsend's motion. The Supreme Court granted Townsend the requested leave, stating only that "[t]he panel finds that the application is well-taken and should be granted." Townsend accordingly filed his petition for post-conviction relief in the trial court. The trial judge denied the motion without benefit of a hearing after reviewing the motions and other documents filed by Townsend. It is from this denial which Townsend now appeals. This Court finds that the trial judge did not commit error in denying the motion, and we affirm.

STANDARD OF REVIEW
¶ 3. Our standard of review is well settled in reviewing a trial court's denial of post-conviction relief. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).

DID THE TRIAL COURT ERR IN DENYING TOWNSEND'S MOTION FOR POST-CONVICTION RELIEF?
¶ 4. In his brief, Townsend argues one central issue, namely that the trial court erred in denying his motion for post-conviction relief. The Supreme Court granted Townsend leave to proceed with his post-conviction relief pursuant to Mississippi Code Annotated Section 99-39-27 (Supp.2003). Under this section, the Supreme Court has two options in reviewing an application to pursue post-conviction relief in the trial court. The Supreme Court may rule on the motion for post-conviction relief, or the Supreme Court "may permit the motion to be filed in the trial court for further proceedings under sections 99-39-13 through 99-39-23." Hymes v. State, 703 So.2d 258, 260 (Miss.1997). Mississippi Code Annotated Section 99-39-19 (Rev.2000) reads as follows:
(1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a *284 review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
(2) The court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.
¶ 5. Townsend contends that the trial court erred in denying his petition without the benefit of a hearing. This Court has determined that leave to proceed in the trial court does not automatically grant the petitioner a hearing. Sanders v. State, 846 So.2d 230, 235(¶ 15) (Miss.Ct.App.2002). Once under the jurisdiction of the trial court, pursuant to Mississippi Code Annotated Section 99-39-19(1), that court had the authority to render an opinion with or without an evidentiary hearing. Id.
¶ 6. The trial court did not err in denying Townsend's petition upon finding that his claims lacked merit. Accordingly, we affirm the trial court's denial of Townsend's motion for post-conviction relief.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.