904 So.2d 216 (2005)
Timothy K. GATES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01004-COA.
Court of Appeals of Mississippi.
June 14, 2005.
Timothy Keith Gates, appellant, pro se.
*217 Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On November 6, 2003, after being sentenced as an habitual offender to a term of life in the custody of the Mississippi Department of Corrections, Timothy K. Gates filed a petition for post-conviction collateral relief in the Circuit Court of Union County claiming that the sentence he received following his guilty plea in 1991 was illegal and should be set aside. The circuit court denied his request for relief as time barred. Aggrieved by said denial, Gates has appealed to this Court, and though he claims to raise three separate issues in his brief, he collectively advances but a single issue stated as follows:
I. DID THE CIRCUIT COURT ERRONEOUSLY DENY GATES'S PETITION FOR POST-CONVICTION COLLATERAL RELIEF AS TIME BARRED CONSIDERING THAT HE WAS ORDERED TO SERVE AN ILLEGAL SENTENCE?
¶ 2. Finding no merit in Gates's argument, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. In 1989, the Circuit Court of Union County sentenced Gates to five years of supervised probation upon being found guilty of grand larceny. Gates appeared before the Circuit Court of Union County again on November 15, 1991, pleading guilty to two counts of uttering forgery. The court sentenced Gates to serve a term of seven years, with three suspended, and revoked the portion of time remaining on the suspended sentence from 1989, ordering said sentences to run concurrently. Gates received early release from said sentence but was later convicted of homicide and aggravated assault. Consequently, Gates was sentenced as an habitual offender and was ordered to serve a term of life in the custody of the Mississippi Department of Corrections.
¶ 4. On November 6, 2003, Gates filed a petition for post-conviction collateral relief in the Circuit Court of Union County claiming that the sentence he received following his guilty plea in 1991 was illegal and should be set aside. The court denied the petition as time barred, so Gates appealed to this Court.

LAW AND ANALYSIS
¶ 5. A prisoner requesting relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, whose conviction resulted from a guilty plea, must file a petition "within three (3) years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Supp.2004). Gates's 1991 conviction on two counts of uttering forgery was the product of a plea agreement, and his conviction on said plea was entered by the Circuit Court of Union County on November 15, 1991. Gates then filed his petition for post-conviction relief as to that conviction on November 6, 2003, which he concedes exceeded the statutorily prescribed period by almost nine years.
¶ 6. Gates maintains, however, that his petition, based on the claim that he was ordered to serve an illegal sentence following his 1991 guilty plea, is excepted from the procedural time bar because it affects a fundamental constitutional right. Specifically, Gates claims that said sentence was illegal by arguing that Miss.Code Ann. § 47-7-33(1) (Rev.2004) precluded the court from suspending three years of the ten to which he was ordered to serve because he had been convicted of a felony prior thereto. Gates additionally asserts that his sentence was illegal by claiming *218 that his plea of guilty was entered (a) involuntarily because he was induced to do so upon being offered the aforementioned suspended sentence that he was not statutorily eligible to receive, and (b) unintelligently because no one informed him that he was ineligible to receive a suspended sentence nor that he could be sentenced as an habitual offender if subsequently convicted of a felony. Gates concludes requesting that we recognize, under the plain error doctrine, that he was deprived of his fundamental right to be free from an illegal sentence.
¶ 7. We do agree that a defendant has the right to be free from an illegal sentence and that the procedural bars under the Act do not apply when the sentence complained about is illegal. See Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss. 1999). However, we observe that a prisoner is only eligible to challenge a sentence while "in custody under sentence" of the conviction from which relief is sought. Miss.Code Ann. § 99-39-5(1) (Supp.2004). In the petition now before us, Gates challenges the legality of the seven-year sentence that followed his 1991 conviction. We note, though, that said sentence expired roughly five years before he filed this petition. The post-conviction relief procedures, for setting aside a conviction, are only available while the prisoner is under the effect of the conviction he seeks to set aside. Weaver v. State, 852 So.2d 82, 85(¶ 7) (Miss.Ct.App.2003). Consequently, Gates's petition was properly denied because no prisoner may "use these procedures to challenge a sentence that has already been served even though he is in custody under a sentence for a different crime." Id.
¶ 8. The denial of Gates's petition was also proper considering that, in Clark v. State, this Court "affirm[ed] the denial of post-conviction relief to a prisoner whose only complaint is that he received an impermissibly lenient sentence and then, by his own subsequent action, squandered the benefit of that undeserved lenience." Clark v. State, 858 So.2d 882, 887(¶ 20) (Miss.Ct.App.2003). Gates suffered no prejudice from his allegedly illegal sentence but, to the contrary, benefitted from it. As a result, he is unable to circumvent the prohibition of the aforementioned time bar by now claiming that the circuit court ordered him to serve an illegal sentence from which he benefitted following his conviction in 1991.
¶ 9. We accordingly find, for the foregoing reasons, that the lower court did not err in denying Gate's petition for post-conviction collateral relief.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.