920 So.2d 1037 (2005)
Anthony BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01201-COA.
Court of Appeals of Mississippi.
November 1, 2005.
Rehearing Denied February 7, 2006.
*1038 Anthony Brown, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On August 17, 2001, Anthony Brown pleaded guilty to possession of cocaine. The State recommended a ten-year sentence and agreed to drop an amendment to the indictment which charged Brown as an habitual offender. Brown was on parole for a crime committed in Tennessee and, because of pending extradition issues, the trial judge postponed Brown's sentencing. It was determined that Brown's Tennessee sentence would expire in 2007, but that he would be eligible for parole in Tennessee in the early months of 2002.
¶ 2. Brown was sentenced on August 31, 2001. He was sentenced to serve ten years concurrently with his Tennessee sentence. Pursuant to executive agreement, once Brown was released from Tennessee's custody, Brown would be returned to the custody of the Mississippi Department of Corrections to fulfill the remaining years of his Mississippi sentence.
¶ 3. Brown filed a motion for post-conviction relief on April 16, 2004, arguing that his sentence was illegal. The trial court dismissed Brown's motion without a hearing, and it is from this dismissal that Brown now appeals.
¶ 4. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. In reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Townsend v. State, 892 So.2d 282, 283 (¶ 3) (Miss.Ct.App.2004). However, where questions of law are raised the applicable standard of review is de novo. Id. The trial judge's obligation is to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. Sec. 99-39-11(1) (Rev.2000). If it appears from the face of the motion and any accompanying exhibits that the movant is not entitled to any relief, the trial judge may dismiss the motion. Miss.Code Ann. Sec. 99-39-11(2) (Rev.2000).

DISCUSSION OF ISSUES
¶ 6. Brown raises seven points of error on appeal; however, only three of the seven issues were presented to the trial judge in his motion for post-conviction relief. It is well-settled law that new issues not presented to the trial court for resolution may not be raised for the first time on appeal. Bates v. State, 879 So.2d 519, 522(¶ 7) (Miss.Ct.App.2004) (citing Capnord v. State, 840 So.2d 826, 828(¶ 5) (Miss.Ct.App.2003)). Accordingly, we limit our review to the issues actually presented to the trial court.

I. DID BROWN RECEIVE AN ILLEGAL SENTENCE?
¶ 7. Brown argues that his sentence was an illegal sentence. Brown argues that on August 17, 2001, the trial judge sentenced him to serve seven years, but then on August 31, 2001, the trial judge re-sentenced him to serve ten years.
*1039 ¶ 8. Due to the diligence of the trial court, the record before this Court contains two transcripts: one of Brown's guilty plea, and another of Brown's sentencing hearing on August 31. Brown's guilty plea was taken on August 17. At his guilty plea there was considerable confusion regarding Brown's Tennessee sentence, his extradition, and whether his parole had been revoked. Due to the ambiguities, the trial judge granted a continuance on Brown's sentencing, stating, "[Brown] needs to get the paperwork from Tennessee. I need to see that he has been revoked as a result of this charge in Tennessee and how much time he has hanging over his head. Then I'll decide what to sentence him to." (emphasis added). The record and the trial judge's ruling are both unambiguous: Brown was sentenced on August 31, not August 17. This issue lacks merit.

II. WAS BROWN SUBJECTED TO DOUBLE JEOPARDY?
¶ 9. Brown argues that he was subjected to double jeopardy because he received two sentences for one crime. As discussed in Section I of this opinion, Brown received one sentence for his crime. This issue lacks merit.

III. WERE BROWN'S DUE PROCESS RIGHTS VIOLATED?
¶ 10. In his final point of error, Brown argues that his due process rights were violated in his "illegal" transportation from Tennessee to Mississippi on May 7, 2002. Brown provides no support for this contention. Mere unsupported assertions contained in the motion may be disregarded by the trial court and the motion dismissed without the necessity of a hearing. Davidson v. State, 850 So.2d 158, 159-60 (¶ 5) (Miss.Ct.App.2003). Furthermore, Brown lacks standing to contest the validity of the extradition agreements between the sovereign states of Tennessee and Mississippi. Smothers v. State, 741 So.2d 205, 207 (¶ 11) (Miss.1999). This issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., MYERS, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.