962 So.2d 568 (2006)
Eugene Turner WRIGHT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00744-COA.
Court of Appeals of Mississippi.
May 9, 2006.
Rehearing Denied October 17, 2006.
Eugene Turner Wright, Appellant, pro se.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On October 18, 1982, Eugene T. Wright pled guilty to two charges of burglary. He received two three-year sentences in the custody of the Mississippi Department of Corrections to run concurrently with each other. On February 7, 2005, Wright filed a motion for post-conviction collateral relief seeking invalidation of the guilty pleas from 1982. The trial court dismissed the motion without a hearing.
¶ 2. It is from this dismissal that Wright now appeals, arguing four issues which we have framed as follows: (1) whether his claims for post-conviction relief are procedurally barred, (2) whether he received ineffective assistance of counsel, and (3) whether his guilty plea was involuntary.
¶ 3. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 4. In reviewing the denial of a motion for post-conviction relief, we will *570 not disturb the trial court's factual findings unless they are found to be clearly erroneous. Townsend v. State, 892 So.2d 282, 283(¶ 3) (Miss.Ct.App.2004). However, where questions of law are raised the applicable standard of review is de novo. Id. The trial judge must review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000). If it appears from the face of the motion and any accompanying exhibits that the movant is not entitled to any relief, the trial judge may dismiss the motion. Miss. Code Ann. § 99-39-11(2) (Rev.2000).

DISCUSSION OF ISSUES
I. ARE WRIGHT'S CLAIMS PROCEDURALLY BARRED?
¶ 5. We first note that Wright pled guilty in October 1982, some two years prior to the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act on April 17, 1984. The Act created a three year time period within which relief must be sought for crimes committed prior to its enactment. Odom v. State, 483 So.2d 343, 344 (Miss.1986); Truitt v. State, 878 So.2d 244, 245(¶ 3) (Miss.Ct.App.2004). Thus, Wright's claim for post-conviction relief should have been filed no later than April 17, 1987.
¶ 6. Section 99-39-5(2) (Supp.2005) requires requests for post-conviction relief from guilty pleas to be filed within three years after entry of the judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction; (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence; or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Id.
¶ 7. Although Wright has failed to put forth any facts requiring consideration of his appeal outside the three year period of limitation, he does argue that his sentence was illegal. Generally, procedural bars under the Act do not apply when the sentence complained about is illegal. See Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999). Despite his claim that the sentence was illegal, the post-conviction relief procedures for setting aside a conviction are only available while the prisoner is under the effect of the conviction he seeks to set aside. Gates v. State, 904 So.2d 216, 218(¶ 7) (Miss.Ct.App.2005).
¶ 8. It is well-settled law that "an inmate cannot use these procedures to challenge a sentence that has already been served even though he is in custody under a sentence for a different crime." Weaver v. State, 852 So.2d 82, 85(¶ 7) (Miss.Ct. App.2003). As Wright has already served the sentence from which he seeks relief, dismissal of his petition was proper.
¶ 9. Because Wright may no longer use the Act to collaterally attack his convictions from 1982, we affirm the dismissal of his petition for post-conviction relief and decline to review Wright's other contentions on appeal.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING WITH PREJUDICE THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
*571 KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.