912 So.2d 162 (2005)
Robert RIGGS, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01630-COA.
Court of Appeals of Mississippi.
October 4, 2005.
*163 David L. Walker, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., MYERS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. After a hearing on the Petitioner's motion for post-conviction relief, the motion was denied by the DeSoto County Circuit Court. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. Robert Riggs, Jr. was indicted on charges of two counts of aggravated assault and one count of kidnaping due to a domestic dispute with his live-in girlfriend. Riggs pled guilty in January 2003 to one count of aggravated assault and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. In return for his plea, the State agreed to remand one of the counts of aggravated assault as well as the kidnaping charge to the file. On January 16, 2004, Riggs filed a motion for post-conviction relief to vacate his conviction and sentence. Riggs alleges that his trial counsel was ineffective and that his guilty plea had not been freely and voluntarily made. Riggs specifically alleges that his trial counsel, Stacey Spriggs ("Spriggs"), advised him that he was pleading guilty to simple assault and that he would be sentenced to time served. Riggs further asserts that he did not understand the risk of an open plea of guilty in his case.
¶ 3. Riggs contends that his mother, Shirley Riggs ("Ms.Riggs"), originally retained Charles Waltman ("Waltman"), an attorney licensed in Tennessee, but not in Mississippi, to represent Riggs. Waltman associated Spriggs, an attorney licensed in Mississippi, to assist him in his defense of the case. Riggs was granted an evidentiary hearing in response to his motion for post-conviction relief, which was heard on July 28, 2004. Ms. Riggs testified at the hearing that Spriggs informed her that Riggs would only be sentenced to time served. Riggs' sister, Janice Carlton ("Carlton"), also testified that on another occasion Spriggs told Riggs and Carlton that Riggs would only be sentenced to time served. Riggs himself testified that he had been led to believe he was pleading guilty to simple assault instead of aggravated assault, and that he would be sentenced to time served on that charge. This testimony stood in stark contrast to a plain reading of his plea agreement and Riggs' testimony during his plea-qualification hearing.
¶ 4. After hearing all testimony, the trial court denied Riggs' petition. Aggrieved by this decision, Riggs asserts the following errors on appeal: (1) whether the trial court erred in denying Riggs' petition for post-conviction relief and vacate sentence due to his local Mississippi counsel's advice; *164 and (2) whether the trial court erred in denying his motion for post-conviction relief and sentence due to his originally retained counsel's failure to prepare for trial and appear in court on the day the plea was entered.

ISSUES AND ANALYSIS

I. Whether the trial court erred in denying Rigg's petition for post-conviction relief and vacate sentence due to his local Mississippi counsel's advice.
¶ 5. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Merritt v. State, 517 So.2d 517, 520 (Miss.1987). Riggs asserts on appeal that the conduct of his counsel constituted ineffective assistance of counsel. The standard of review for a claim of ineffective assistance of counsel is a two-prong test: the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient, and (2) the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This test is also applied to ineffective assistance of counsel claims stemming from guilty pleas. Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, an allegation that the defendant pled guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates that the defendant may not have been aware of the consequences of the plea. Myers v. State, 583 So.2d 174, 177 (Miss.1991). However, in applying the two-prong test we are mindful of the "highly differential" presumption that counsel rendered adequate assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 6. In the case sub judice, Riggs put forth testimony from his mother and sister, as well as his own testimony, to the effect that attorney Spriggs informed him that he would be pleading to simple assault and would be sentenced to time already served. It is clear from the transcript of the hearing that the trial court chose to rely not upon the statements of Riggs and his family, but instead upon statements that Riggs made during his prior plea-qualification hearing. This reliance upon the transcript from Riggs' guilty plea hearing was well within the trial court's discretion, as we place a strong presumption of validity upon an individual's statements made under oath. Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). "A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt." Hebert v. State, 864 So.2d 1041, 1045 (¶ 11) (Miss.Ct.App.2004).
¶ 7. After hearing testimony from Riggs and his mother and sister, the State put forth the testimony of attorney Spriggs. The testimony of Spriggs was in agreement with the statements of the plea-qualification agreement and hearing, and directly contradicted and explained the testimony put forth on behalf of Riggs. Based upon this testimony, the trial court found that there was no "firm representation" was made to Riggs by Attorney Spriggs prior to the plea, and that any expectation that Riggs might have had of being sentenced to time served was merely a hope. That Riggs' expectation was merely a hope is indicated by the fact that Spriggs argued vehemently for such a sentence prior to the courts final sentencing order. A mere expectation or hope, however reasonable, and even a generalized prediction of defense counsel that a lesser sentence is likely upon a *165 plea of guilty, is in and of itself insufficient to entitle Riggs to relief. See Sanders v. State, 440 So.2d 278, 278 (Miss. 1983).
¶ 8. The trial court, after weighing all the testimony, determined that there was no ineffective assistance of counsel illustrated by Spriggs' actions stemming from his representation of Riggs. The noted that Spriggs "did an excellent job in lowering the exposure of his client" and that "this is just another example of a defendant not being satisfied with what he got after he pled open being fully informed and now he wants to reverse history." Riggs has failed to show that the trial court erred in a clearly erroneous manner in denying his petition for post-conviction relief. Accordingly, this issue is without merit.

II. Whether the trial court erred in denying his motion for post-conviction relief and sentence due to his originally retained counsel's failure to prepare for trial and appear in court on the day the plea was entered.
¶ 9. For his second assignment of error, Riggs alleged that his Tennessee lawyer, Waltman, was ineffective because he misinformed Riggs' mother that he was licensed to practice law in Mississippi, failed to file pre-trial discovery motions and to otherwise prepare for trial, and that he failed to appear during the plea-qualification hearing. In short, Riggs argues that the conduct of Waltman amounted to ineffective assistance of counsel. The record reflects that Waltman traveled to DeSoto County at least twice to meet with Riggs to discuss discovery as well as possible defenses. Waltman associated attorney Spriggs to help represent Riggs due to the fact that Waltman was not licensed to practice in Mississippi. Waltman appeared in DeSoto County to inform the trial court that Spriggs would be attending to the representation of Riggs as local counsel. The conduct of Waltman, in light of the representation given by Spriggs as associated counsel, can not be said to constitute ineffective assistance of counsel. Finding no error, we affirm.
¶ 10. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.