933 So.2d 315 (2006)
Eric HULL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00271-COA.
Court of Appeals of Mississippi.
June 27, 2006.
*317 Eric Hull, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Eric Hull entered a guilty plea to manslaughter on July 6, 2002, and was sentenced to twenty years in prison. Hull subsequently filed a post-conviction motion which was denied by order filed on January 20, 2005, following a full evidentiary hearing. Aggrieved by the ruling, Hull perfected an appeal and raises the following issues, which we quote verbatim:
1. Appellant Eric Hull was denied effective assistance of counsel during the pretrial proceedings because of defense counsel's failure to be abreast of the proceedings, the applicable law, and the fact that defense counsel advised Hull to plead guilty based upon a representation by counsel that Hull would receive a sentence of 10 years. Hull pleaded guilty on that information from counsel but was sentenced to twenty (20) years. The plea of guilty there is involuntary and violates the 6th amendment right to effective assistance of counsel.
2. Appellant Eric Hull was denied due process of law where defense counsel coerced and strong armed petitioner into pleading guilty by using spur of the moment tactics as well as abusive and threatening language to force a plea of guilty and waiver of the constitutional right to trial. Defense counsel further used trickery and false information regarding a sentence of 10 years in order to influence the plea of guilty by petitioner. Such actions violate the provisions of the 5th and 14th amendments to the United States Constitution.
3. Appellant was denied due process of law where he was convicted of the offense of manslaughter without having admitted a sufficient factual basis to demonstrate guilt of such crime. The admission made in open court by Appellant Hull does not constitute satisfaction of the elements of manslaughter.
4. That the trial court erred in allowing the Assistant District Attorney who prosecuted Appellant to commit prosecutorial misconduct in allowing such Assistant District Attorney to appear at evidentiary hearing on post conviction motion and represent the State when the post conviction claims involved misconduct of such Assistant District Attorney.
¶ 2. We find that the issues are without merit and affirm the judgment of the circuit court.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 3. In December 1999, Hull was indicted for burglary of a dwelling house, capital murder, and grand larceny. The crimes arose out of the killing of Farnecia Armstrong while Hull was in the commission of the crime of kidnaping her. As a result of negotiations between Hull's counsel and the office of the district attorney, an agreement was reached whereby, in exchange *318 for Hull's guilty plea to manslaughter, the charges of burglary and grand larceny would be dismissed.
¶ 4. At the plea hearing on July 6, 2002, Hull entered a guilty plea to manslaughter. His attorney stated "that Mr. Hull is offering his plea upon his best interest . . . as opposed to that he is guilty." Hull also stated that he was aware that the maximum penalty for manslaughter was twenty years and that the minimum penalty he could face was one year in the county jail, or two years in the penitentiary, as well as a fine of up to $500. Hull stated that he was satisfied with his attorney's advice.
¶ 5. Nearly two years later, Hull filed a motion for post-conviction relief seeking to vacate his guilty plea and sentence. Hull argued that he had been denied effective assistance of counsel because his attorney advised him that he would receive a sentence of ten years. Hull argued that he was coerced and strong-armed into pleading guilty by trickery, false information, and abusive and threatening language. Hull also argued that he was convicted of manslaughter without a sufficient factual basis to demonstrate that he was guilty of the crime. Attached to the motion were affidavits from Hull's relatives attesting to the use of strong-arm tactics by defense counsel.
¶ 6. Hull was granted an evidentiary hearing to prove his claims, and was represented by new counsel at the hearing. At the hearing, Hull and his brothers, Marcus and J. W., testified. The State offered the testimony of Frank Carlton, the district attorney, and Martin Kilpatrick, Hull's lawyer at the time of the guilty plea. Hull and his witnesses claimed that Hull had bargained for a ten-year sentence. Carlton and Kilpatrick both denied that there was any representation made that, in exchange for a guilty plea to manslaughter, the prosecution would recommend a twenty-year sentence with ten years suspended and only ten years to serve. Both Carlton and Kilpatrick testified that twenty years to serve had been the only offer. Kilpatrick testified that he had attempted to persuade the district attorney to agree to the recommendation that ten years of the proposed twenty-year sentence be suspended, but that he was unsuccessful. According to Kilpatrick, the only agreement reached was a recommendation of twenty years upon Hull's guilty plea to manslaughter, with the burglary and grand larceny charges being dismissed.

ISSUES AND ANALYSIS
¶ 7. In reviewing the denial of a motion for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Townsend v. State, 892 So.2d 282, 283(¶ 3) (Miss.Ct.App.2004). However, where questions of law are raised the applicable standard of review is de novo. Id. The trial judge must review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000).
¶ 8. Hull's central contention in all his arguments is that he wanted a sentence of twenty years with ten years suspended and ten to serve. There is, however, no evidence that this sentence was ever offered to Hull, or more particularly, that the court would have accepted a recommendation based on such an offer. The prosecution did agree to reduce the capital murder charge to manslaughter and to drop the charges of burglary and grand larceny.

1. Ineffective Assistance of Counsel
¶ 9. The standard of review for claims of ineffective assistance of counsel *319 is the two-part test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. This test has also been applied to ineffective assistance of counsel claims arising out of guilty pleas. Riggs v. State, 912 So.2d 162, 164(¶ 5) (Miss.Ct.App.2005) (citing Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying the two-pronged test "we are mindful of the `highly differential' presumption that counsel rendered adequate assistance." Riggs, 912 So.2d at 164(¶ 5) (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052).
¶ 10. At the hearing, Hull sought to show that his attorney had provided ineffective assistance by failing to subpoena an alibi witness, Sharon Johnson. As the court pointed out in its ruling, Johnson was a longtime friend of Hull and his family. Hull's attorney testified that Johnson had voluntarily come to his office and had been interviewed about her knowledge of the incident, and that it was his understanding that it would not be necessary to go to the additional expense to subpoena her. The trial court could not find that Hull would be prejudiced by the failure to subpoena this witness in the plea negotiation because the case did not go to trial.
¶ 11. In considering Hull's claim that his plea not voluntary, the court looked to the plea colloquy. The following is found in the transcript of the plea hearing:
Q: [BY THE COURT] Other than the plea bargain, has anybody promised you anything in order to persuade you to enter this plea?
A: [HULL] No, ma'am.
Q: Has anyone threatened you with physical harm in any way or attempted to coerce you in any way to get you to enter your proposed plea?
A: No, ma'am.
Q: Have you fully discussed all these facts and circumstances surrounding your case with your attorney?
A: Yes, ma'am.
Q: Has your attorney explained to you and do you fully understand the nature of the charges against you?
A: Yes, ma'am.
Q: What does  is your understanding of what capital murder means?
A: Yes, ma'am. What is my understanding?
Q: Yes. What doesyou have been indicted for the crime of capital murder. What does that mean?
A: If you get found guilty, you're sentenced by death or life without parole.
Q: All right. And under you plea bargain agreement, you are entering your plea to what charge?
A: Manslaughter.
Q: And what does manslaughter mean? What is your understanding of that?
A: That it carry up to 20 years.
Q: All right. And my entering this plea, you know that you will not face the possibility of a death sentence; it that correct?
A: Yes, ma'am.
Q: And has your attorney advised you of all possible defenses you may have in case you go to trial?
A: Yes, ma'am.
Q: Are you satisfied with the advice and help Attorney Kilpatrick has given you.
A: Yes, ma'am.
Q: After a full discussion of your case, was it your own decision, Eric Hull, was it your own decision to enter this plea of guilty.

*320 A: Yes.
It was after this discussion that the State made its recommendation of the maximum sentence of twenty years for the offense. The court continued its examination of Hull:
Q: Now, you understand that this Court is not bound by any recommendation or agreement made by the State and your attorney. Do you understand that although the State may recommend the above sentence, the Court may decide not to follow the recommendation and that in the end it is the Court that will determine what the sentence will be?
A: Yes, ma'am.
Q: Knowing all this, is it still your desire and wish to enter this guilty plea?
A: Yes, ma'am.
After giving Hull an opportunity to withdraw or change his plea, the Court found that Hull had freely and voluntarily entered his plea "without any promises or hopes of more lenient treatment by the Court or other, without any threats or coercion of any sort, with full knowledge of the consequences of entering this plea and of the rights that he gave up by entering the plea. . . ." The court accepted the State's recommendation and sentenced Hull to twenty years. The State also recommended that the charges of burglary and grand larceny be dismissed.
Q: All right, Mr. Hull, do you understand what that means?
A: Yes, ma'am.
Q: All right, now, tell me what that means.
A: That it will be thrown out.
Q: And the plea bargain was what you and your attorney worked out. That's what you all had agreed to; is that correct?
A: Yes, ma'am.
¶ 12. As is evident, the plea colloquy between Hull and the judge contradicts his argument that his guilty plea was not voluntary and that there was a different plea bargain agreement. At the post-conviction relief hearing, Hull testified that he was fully aware that he would get a twenty-year sentence prior to signing the plea petition. When given the opportunity to withdraw his plea at the hearing, Hull did not. He was asked and stated that the plea agreement, including the twenty year sentence, was what he and his attorney worked out with the State.
¶ 13. There is no indication that Hull did not receive effective assistance of counsel. This assignment of error is without merit.

2. Voluntariness of the Confession
¶ 14. Most of the issues of the voluntary of the confession were set out in the previous discussion on the effectiveness of counsel. Hull contends that his counsel coerced and strong-armed him into pleading guilty via trickery, giving false information, and using abusive and threatening language.
¶ 15. Even after reviewing the transcript of the hearing, it is unclear what techniques Hull contends that his counsel used to induce him to pleading guilty. The transcript of the plea hearing clearly shows that Hull had several opportunities to bring any such treatment to the attention of the court prior to the court accepting his guilty plea and sentencing him. Hull was specifically asked if "anyone threatened you with physical harm in any way or attempted to coerce you in any way to get you to enter your proposed plea"; Hull responded, "No, ma'am." There is a strong presumption of the validity of an individual's statements made under oath. Mowdy v. State, 638 So.2d 738, 743 (Miss. *321 1994). "A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt." Hebert v. State, 864 So.2d 1041, 1045(¶ 11) (Miss.Ct.App.2004).
¶ 16. As the court found in its ruling on the post-conviction relief motion, throughout his plea hearing, Hull was given the opportunity to withdraw his plea but did not. The court also had the benefit of having Hull standing before it, explaining his understanding of his responses.
¶ 17. The court's conclusion at the guilty plea hearing that Hull "freely and voluntarily entered this plea without any promises or hopes of a more lenient treatment by the Court or others, without coercion of any sort, with full knowledge of the consequences of entering this plea and of the rights that he gave up by entering this plea" is supported by the record. There is no merit to Hull's second assignment of error.

3. Sufficient Factual Basis
¶ 18. In this case, Hull entered a plea in which he did not admit to committing the crime. He contends that the guilty plea should not have been accepted without there being a sufficient factual basis of guilt.
¶ 19. At the plea hearing, the district attorney stated specific facts concerning the homicide  that Hull shot and killed Farnecia Armstrong during a domestic confrontation. As stated in Ray v. State, 876 So.2d 1032, 1035(¶ 12) (Miss.Ct. App.2004):
[A] guilty plea may be considered valid even though a defendant makes only a "bare admission of guilt," so long as the trial court delves beyond that admission and determines for itself that there is substantial evidence that the defendant actually committed the crimes charged. Gaskin v. State, 618 So.2d 103, 106 (Miss.1993). In some cases, it is not necessary for a defendant to admit guilt in order for a guilty plea to be accepted by the trial court. Corley v. State, 585 So.2d 765, 767 (Miss.1991). A defendant's guilty plea is sufficient if it is a voluntary and knowledgeable plea with an "independent evidentiary suggestion of guilt." Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). Therefore, a court may accept a plea if the court is satisfied that there is evidence such that the State, if so required, could prove the defendant's guilt of the crime charged. Corley v. State, 585 So.2d at 767. . . .
See also North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Bush v. State, 922 So.2d 802 (Miss. Ct.App.2005).
¶ 20. Although Hull did not admit to killing Farnecia Armstrong, he did plead guilty to manslaughter and stated that it was in his best interest to enter the plea. The court had before it sufficient evidence of the crime to accept the plea. There is no merit to the allegation raised.

4. Misconduct of the Prosecutor
¶ 21. Hull contends that the district attorney who appeared at the evidentiary hearing was the same district attorney who set up the plea agreement in which Hull alleges that he was offered twenty years with ten years suspended and ten years to serve. In this assignment of error, Hull does not cite any authority in support of his position, and his citations to the record do not support his argument that any such plea agreement was offered by the district attorney. The district attorney was consistent in his testimony that no such plea agreement was offered. This Court cannot find any misconduct on the part of the prosecution.
*322 ¶ 22. There is no merit to Hull's assignment of error.

CONCLUSION
¶ 23. Hull's claim that he was promised that he would be sentenced to serve only ten years is totally refuted by the testimony, including Hull's own, that, at best, he held out the hope that he would receive a lesser sentence. There is nowhere in the record any firm representation to Hull from his attorney or anyone else that this would be the sentence imposed in exchange for his plea of guilty. The court was clear in explaining to Hull that the court did not have to accept any recommendation on sentencing. The court would not have been bound by this lesser sentence even if it had been offered. The Mississippi Supreme Court has emphasized that the mere expectation or hope, however reasonable, that a lesser sentence is likely in exchange for a guilty plea will generally not be sufficient to entitle a petitioner to relief. Sanders v. State, 440 So.2d 278, 287 (Miss.1983), superseded by statute on other grounds as recognized in Wallace v. State, 763 So.2d 909, 912-13 (¶¶ 14-15) (Miss.Ct.App.2000). For these reasons, we affirm the judgment of the trial court.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.