BARNES, J.,
 

 for the Court.
 

 ¶ 1. This matter is before this Court on appeal from an order of the Circuit Court of Harrison County, denying Gary Lamont Stallworth’s petition for post-conviction relief. Finding that Stallworth’s petition is time-barred, we affirm the trial court’s order.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On April 24, 2002, Stallworth appeared at the front door of the Holiday Inn Express in Biloxi, Mississippi at approximately 2:00 a.m. He was clean-cut, neatly dressed, and holding some towels in his hand. As the front door was locked, he asked the desk clerk, Karen Roberts, to let him inside. Roberts, thinking Stallworth was a hotel guest, let him in the door. Stallworth asked for extra face cloths, and Roberts turned to retrieve them from a cabinet. When she turned back around, Stallworth was standing beside her wrapping something around his hand. Stall-worth hit Roberts with his wrapped fist and said, “Don’t call anybody, don’t say anything.” Roberts testified that Stall-worth hit her several more times with his wrapped fist. Stallworth got the desk keys from Roberts and opened the cash drawer, but there was very little cash inside. Stallworth said, “There ain’t sh-t in here.” Roberts responded, “It’s a hotel. What do you expect?” Stallworth proceeded to hit Roberts again. Then he took Roberts’s car keys, along with some cash from her person, and left the building. Roberts was hospitalized for four days with the injuries she sustained in the beating.
 

 
 *768
 
 ¶ 3. Stallworth was indicted for robbery on May 27, 2003, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000).
 
 [1]
 
 On February 13, 2004, Stallworth entered a plea of guilty, and on March 16, 2004, he was sentenced by the trial judge to fifteen years to be served day-for-day in the custody of the Mississippi Department of Corrections, the maximum sentence he was eligible to receive. The trial judge, the State, and Stallworth’s counsel all noted at the sentencing hearing that Stallworth had provided assistance to the District Attorney’s Office regarding two murder cases. On March 17, 2004, counsel for Stallworth filed a motion to reconsider the sentencing order on the basis of Stallworth’s assistance to the District Attorney’s Office. The motion was never set for hearing. On June 6, 2005, Stallworth filed an “Extraordinary Motion for New Trial as to Sentence Only,” contending that, in exchange for his statements to law enforcement and his sworn testimony regarding other crimes, the State had agreed to a reduction in Stallworth’s sentence. Specifically, Stallworth claims that, rather than fifteen years, he was to receive only three to five years.
 

 ¶ 4. On November 2, 2005, Stallworth filed a petition for writ of mandamus with the Mississippi Supreme Court regarding his motion for reconsideration. The supreme court granted Stallworth’s petition. On July 12, 2006, the trial judge denied Stallworth’s motion for reconsideration. On August 24, 2006, Stallworth filed a motion for leave to proceed in forma pau-peris, which was denied by the circuit court. On September 5, 2007, Stallworth filed a petition for an order to show cause or, in the alternative, petition for writ of habeas corpus,
 
 [2]
 
 which sought enforcement of the alleged plea agreement. On September 26, 2007, the circuit court entered an order finding that Stallworth’s actions were time-barred by statute; therefore, his petition and “Extraordinary Motion for New Trial as to Sentence Only” were denied. Stallworth subsequently filed his notice of appeal to this Court on October 18, 2007, seeking relief from the circuit court’s order.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court will not disturb a circuit court’s denial of a motion for post-conviction relief unless the court’s findings of fact are clearly erroneous.
 
 Hull v. State,
 
 933 So.2d 315, 318(¶ 7) (Miss.Ct.App.2006). However, questions of law are reviewed de novo.
 
 Id.
 
 Dismissal of a motion for post-conviction relief is warranted if it appears from the face of the motion, or the information contained in the record, that the movant is not entitled to any relief.
 
 Flowers v. State,
 
 978 So.2d 1281, 1283(¶ 5) (Miss.Ct.App.2008).
 

 Whether the trial court erred by denying Stallworth’s petition for post-conviction relief.
 

 ¶ 6. This Court concurs with the circuit court’s finding that Stallworth’s motions are time-barred by Mississippi Code Annotated section 99-39-5(2) (Rev.2007). The statute clearly states:
 

 
 *769
 
 A motion for relief under this article shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
 

 As Stallworth’s guilty plea was entered into judgment on March 16, 2004, any motion for post-conviction relief had to be filed no later than March 16, 2007. Therefore, as Stallworth’s petition was filed in September 2007 and, consequently, outside of the three-year statutory limit, we are not obligated to address the merits of his claims, unless they fall within the exceptions enumerated in the above statute. Stallworth claims in his petition that: (1) he received ineffective assistance of counsel; consequently, his guilty plea was not voluntarily, knowingly, and intelligently made; (2) he was entitled to a separate hearing regarding his status as a habitual offender; and (3) the trial court erred in denying his request for documents and records. All these claims are predicated on Stallworth’s contention that he was entitled to a reduced sentence based on what he perceived to be a plea agreement with the State. We find that none of these claims fall under the exceptions stated in section 99-39-5(2).
 

 ¶ 7. Stallworth goes on to argue that his claims should not be procedurally barred as they fall under the plain-error doctrine. This Court will only conduct a plain-error review in cases where a party has either “failed to preserve an error for appellate review” or a substantial right of the party has been affected.
 
 Kirk v. Pope,
 
 973 So.2d 981, 987(¶ 13) (Miss.2007) (citing
 
 State Highway Comm’n of Miss. v. Hyman,
 
 592 So.2d 952, 957 (Miss.1991)). “The plain[-]error doctrine has been construed to include anything that ‘seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ”
 
 Pickle v. State,
 
 942 So.2d 243, 246(¶13) (Miss.Ct.App.2006) (quoting
 
 United States v. Olano,
 
 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
 

 ¶ 8. Based on our review of the record, we do not find that Stallworth’s assignments of error constitute plain error by the trial court. The trial judge, at the sentencing hearing, discussed Stallworth’s cooperation with the State and the fact that the State had declined to bring any further charges of aggravated assault against Stallworth. The trial judge also asked Stallworth if he realized that he “could have been looking at forty-five years” instead of fifteen years, and Stall-worth said that he understood. Therefore, we find no substantial right of Stallworth was affected by the trial court’s sentence and order.
 

 ¶ 9. Accordingly, we affirm the circuit court’s denial of Stallworth’s motion for post-conviction relief as his claims are time-barred.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 
 *770
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Stallworth had been previously convicted of grand larceny and burglary of a dwelling, which are both felonies.
 

 [2]
 

 . As the Post-Conviction Collateral Relief Act under Mississippi Code Annotated sections 99-39-3(1) (Rev.2007) and 99-39-5(l)(g) (Rev.2007), in effect, supplanted the writ of habeas corpus, the circuit court properly treated Stallworth’s habeas petition as a petition for post-conviction relief.
 
 See Grubb v. State,
 
 584 So.2d 786, 788 (Miss.1991) (citing Miss.Code Ann. § 99-39-3(1) and § 99-39-5(1)(g) (Supp.1990)).