## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01968-COA

**RICKY MOORE**                                                                  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

DATE OF JUDGMENT:                11/04/2013
TRIAL JUDGE:                     HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          RICKY MOORE (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LISA L. BLOUNT
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POST-CONVICTION RELIEF
                                 SUMMARILY DISMISSED
DISPOSITION:                     AFFIRMED - 12/16/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Ricky Moore appeals the Madison County Circuit Court's decision to summarily dismiss his motion for post-conviction relief (PCR). Moore claims that the circuit court's sentence for armed carjacking is illegal in that he was rendered ineligible for parole. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In March 2009, Moore was indicted and charged with armed carjacking, kidnapping,

and possession of a firearm by a convicted felon.[1] The prosecution later successfully amended the indictment to charge Moore as a habitual offender under Mississippi Code Annotated section 99-19-83 (Supp. 2014). Consequently, Moore faced a potential sentence of life in the custody of the Mississippi Department of Corrections (MDOC).

¶3. The prosecution offered Moore a deal. If he agreed to plea guilty to armed carjacking and possession of a firearm by a convicted felon, the prosecution would not pursue the kidnapping charge or the habitual-offender portion of the indictment. However, the prosecution would not recommend a sentence.

¶4. Moore took the deal. He pled guilty to armed carjacking and possession of a firearm by a convicted felon on November 10, 2009. During the guilty plea hearing, the prosecution stated that it was prepared to prove that Moore approached a woman as she was vacuuming her car, and he threatened her with a pistol. He took her vehicle and forced her to accompany him. While he was driving, the victim escaped. She broke her ankle in the process. Moore was extradited from Georgia after he was identified from fingerprints found in the victim's vehicle.

¶5. For armed carjacking, the circuit court sentenced Moore to thirty years in the custody of the MDOC, with twenty-seven years to serve followed by three years of post-release supervision. For possession of a firearm by a convicted felon, the circuit court sentenced Moore to ten years in the custody of the MDOC, with one day to serve followed by five years of post-release supervision. The circuit court further explained that it would be consecutive

---

[1] In 1994, Moore was convicted of kidnapping. He was sentenced to twenty-five years in the custody of the MDOC.

2

to Moore's sentence for armed carjacking.

¶6.    On October 28, 2013, Moore filed a PCR motion. Moore claimed that the circuit court failed to specify that he would have to serve the entire portion of his sentence for armed carjacking. Moore also complained that the circuit court had impermissibly rendered him ineligible for parole. Therefore, Moore reasoned that he had been subjected to an illegal sentence. However, the circuit court found that Moore's PCR motion was untimely. Accordingly, the circuit court summarily dismissed Moore's PCR motion. Moore appeals.

## STANDARD OF REVIEW

¶7.    "This Court will not disturb a trial court's dismissal of a [PCR motion] unless the [circuit] court's decision was clearly erroneous." *Wardley v. State*, 37 So. 3d 1222, 1223-24 (¶4) (Miss. Ct. App. 2010). A circuit court may summarily dismiss a PCR motion "where 'it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. *Id*.

## ANALYSIS

¶8.    Moore revisits his claim that the circuit court illegally sentenced him in a manner that prevents him from being eligible for parole. According to Moore, he was indicted for armed robbery under Mississippi Code Annotated section 97-3-79 (Rev. 2014), instead of armed carjacking under Mississippi Code Annotated section 97-3-117 (Rev. 2014). Moore is mistaken. The indictment clearly reflects that Moore was charged with armed carjacking under section 97-3-117. However, Moore also claims that the circuit court erred by

3

sentencing him for armed robbery. Moore is also mistaken about that, as the circuit court clearly sentenced him for armed carjacking. Inconsistent claims aside, the crux of Moore's complaint is that the circuit court sentenced him in a manner that makes him ineligible for parole.

¶9. Moore had three years from the entry of the judgment of conviction to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). The judgment of conviction was filed on November 17, 2009. Accordingly, Moore had until November 17, 2012, to file a PCR motion. However, he filed his PCR motion on October 28, 2013. It follows that Moore's PCR motion was untimely.

¶10. However, the Mississippi Supreme Court has held that there is a fundamental right to be free from an illegal sentence, and a claim implicating a fundamental right may be excepted from the time-bar. *Sneed v. State*, 722 So. 2d 1255, 1257 (¶11) (Miss. 1998). But Moore's sentence for armed carjacking is not illegal. A conviction for armed carjacking carries a maximum sentence of thirty years in the custody of the MDOC. Miss. Code Ann. § 97-3-117(2)(a). The circuit court's sentence does not exceed the maximum sentence for armed carjacking. Furthermore, a person convicted of armed carjacking is not eligible for parole. Miss. Code Ann. § 47-7-3(1)(c)(ii) (Supp. 2014). Moore claims that the circuit court should have sentenced him as though he had been convicted of robbery or attempted robbery through the display of a firearm, which would allow him to be eligible for parole after serving the first ten years of his sentence. Miss. Code Ann. § 47-7-3(1)(c)(i). But the circuit court had no authority to sentence Moore as though he had been convicted of robbery or attempted robbery through the display of a firearm after Moore pled guilty to armed

4

carjacking.

¶11. Moreover, even if Moore had pled guilty to armed robbery, he would have been ineligible for parole. Section 47-7-3(1)(c)(i) only applies to armed-robbery convictions that occurred between January 1, 1977, and September 30, 1994. Armed-robbery convictions that occur between October 1, 1994, and July 1, 2014, are governed by section 47-7-3(1)(c)(ii). Moore's guilty plea was during November 2009. Consequently, regardless of whether he pled guilty to armed carjacking or armed robbery, he would not have been eligible for parole.

¶12. Additionally, there is no merit to Moore's claim that he was unaware that he would have to serve the entire term of the circuit court's sentence for armed carjacking. The colloquy of the guilty-plea hearing reflects that the circuit court never misled Moore by telling him that he would be eligible for parole. During the sentencing hearing, the circuit court unequivocally said that Moore would have to serve his entire sentence for armed carjacking. To be precise, the circuit court judge stated: "I know [Moore] is aware that the sentence that the court imposes for his conviction for armed carjacking is a sentence that . . . is to be served day for day." Moore's attorney responded that Moore was aware of that. Later, the circuit court explained Moore's sentence again. The circuit court told Moore:

> [Y]ou will spend the next twenty-seven years and one day in the penitentiary, and then you will be released and be subject to having to possibly spend another three years day for day, and/or another ten years under whatever percentage the [MDOC] calculates at that time, if you're not able to maintain appropriate behavior. But at the same time, it allows you some time as a sixty-year-old man, or thereabouts to have some life left if you are willing to live in society without violating its rules.

There is no indication in the record that Moore believed that he would be eligible for parole after he served ten years of his sentence. Therefore, notwithstanding the fact that Moore's

5

PCR motion was untimely, there is no merit to the concept that he was misled about the nature of his sentence.

¶13. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**