# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01831-COA

**TOMMY HAMBERLIN A/K/A TOMMY LEE HAMBERLIN**  ␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  ␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOMMY HAMBERLIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | PETITION FOR POST-CONVICTION COLLATERAL RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED: 05/19/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Tommy Hamberlin appeals the dismissal of his motion for post-conviction collateral relief (PCCR). Because we find that this motion is procedurally barred without an exception and that it is without merit, we affirm the circuit court's dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2. A Warren County grand jury indicted Hamberlin for possession of a controlled substance on January 26, 2000. The indictment included sentence enhancements due to Hamberlin's prior conviction for possession of a controlled substance in 1995 in which he

received a sentence of eight years.

¶3.     Hamberlin pleaded guilty in 2001 to the charges, and received a sentence of six years, with 180 days to serve, and the remainder of the sentence suspended.  Hamberlin served the 180 days and received post-release supervision for his remaining sentence.[1]

¶4.     Before Hamberlin completed his post-release-supervision term for the 2001 conviction, he was arrested and indicted for the sale and delivery of a controlled substance on July 24, 2006.  The grand jury indicted Hamberlin as a habitual offender based on his prior 1995 and 2001 convictions.

¶5.     On February 7, 2007, Hamberlin pleaded guilty to the reduced charges of possession of a controlled substance.  The circuit court sentenced Hamberlin to seven years for one count of possession of controlled substance, eight years for one count of possession of a controlled substance as a habitual offender, and five years and 180 days for the revocation of his prior suspended sentence from the 2001 conviction, all to run consecutively.

¶6.     Hamberlin subsequently filed a motion to vacate the judgment of conviction and sentence, which the circuit court considered as one for post-conviction collateral relief, and dismissed as time-barred.  The circuit court also considered the substance of Hamberlin's arguments, but dismissed them as without merit.  It is from this dismissal that Hamberlin appeals.

¶7.     Hamberlin asserts the same arguments on appeal as in his PCCR motion, mainly:  (1)

---

[1] The circuit court in 2001 sentenced Hamberlin to six years with 180 days to serve and the remainder suspended, with five years of post-release supervision.  The circuit court did not address the remaining 180 days in the sentencing order, but apparently suspended the sentence at the hearing.

2

he received ineffective assistance of counsel; (2) the circuit court could not revoke his 2001 suspended sentence because the sentence was illegal; (3) the 2001 indictment was insufficient; (4) cumulative error necessitates a reversal; and (5) the errors violated his fundamental constitutional right of due process.

STANDARD OF REVIEW

¶8. This Court will not overturn a trial court's dismissal of a PCCR motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

ANALYSIS

¶9. The circuit court dismissed Hamberlin's motion as time-barred under the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Mississippi Code Annotated section 99-39-5(2) (Supp. 2014) states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶10. The circuit court accepted Hamberlin's guilty plea and sentenced him on February 8, 2007. This gave Hamberlin until February 8, 2010, to file a motion. Hamberlin did not submit his motion until May 29, 2013, well past the three-year limitation.

¶11. Despite the time limitation, section 99-39-5 does list several exceptions to the three-year time-bar for PCCR motions.

3

> To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. However, the movant carries the burden of proving that one of the exceptions appl[ies].

*Graham v. State*, 151 So. 3d 242, 245 (¶6) (Miss. Ct. App. 2014) (citation omitted).

¶12. Hamberlin failed to argue that either an intervening decision or the discovery of new evidence supported his motion. The majority of Hamberlin's arguments in his PCCR motion and on appeal rests on his claims of ineffective assistance of counsel during his 2007 guilty-plea proceedings and the illegality of his 2001 indictment and sentence.

¶13. However, in addition to the exceptions listed in section 99-39-5, "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). These errors include "instances where an attorney's performance is so deficient and prejudicial to a defendant, that it is deemed to be violative of the defendant's fundamental constitutional rights." *Thomas v. State*, 933 So. 2d 995, 997 (¶4) (Miss. Ct. App. 2006) (citing *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996)).

¶14. Further, "the Mississippi Supreme Court has held that there is a fundamental right to be free from an illegal sentence, and a claim implicating a fundamental right may be excepted from the time-bar." *Moore v. State*, 152 So. 3d 1208, 1210 (¶10) (Miss. Ct. App. 2014) (citing *Sneed v. State*, 722 So. 2d 1255, 1257 (¶11) (Miss. 1998)). Therefore, we must determine if any of Hamberlin's claims result in the deprivation of a fundamental constitutional right that would defeat the time-bar.

4

*I.      Whether Hamberlin received ineffective assistance of counsel.*

¶15.    "The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars 'apply to post-conviction relief claims based on ineffective assistance of counsel.'" *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (quoting *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009)).

¶16.    "An ineffective-assistance claim requires showing: (1) counsel's performance was deficient and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Pursuant to *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶17.    "To overcome this presumption, the [appellant] must show that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted). However, because Hamberlin pleaded guilty, to prove the second prong, he must show "that but for his counsel's error(s): he would not have pleaded guilty; he would have instead insisted on going to trial; and the ultimate outcome would have been different." *Mitchell v. State*, 58 So. 3d 59, 62 (¶15) (Miss. Ct. App. 2011) (citing *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006)).

¶18.    Hamberlin argues his counsel performed in a deficient manner by lying and failing to fully inform him regarding the length of his potential sentence if he pleaded guilty, by failing to object to the circuit court's revocation of his allegedly illegal sentence from 2001, by

preventing him from pleading not guilty, and by failing to appeal his sentence in 2007. For these reasons, Hamberlin asserts prejudice and that a different outcome likely would have resulted.

¶19. Hamberlin, however, offers his argument through his motion and briefs without any supporting affidavits attesting to his ineffective-assistance-of-counsel claim. "In cases involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.'" *Evans v. State*, 114 So. 3d 778, 782 (¶14) (Miss. Ct. App. 2013) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶20. Because Hamberlin failed to meet his burden in proving ineffective assistance of counsel and failed to overcome the procedural time-bar, we find this claim is without merit.

      *II.     Whether Hamberlin received an illegal sentence.*

¶21. Hamberlin also contests his 2000 indictment and sentence by arguing the circuit court could not revoke his suspended sentence because the sentence was illegal. However, mere assertions are insufficient to overcome the time-bar, as "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Cummings v. State*, 130 So. 3d 129, 132 (¶7) (Miss. Ct. App. 2013) (citation omitted).

¶22. To support his argument, Hamberlin claims the circuit court sentenced him as a habitual offender in that conviction. As a habitual offender, Hamberlin claims the circuit court could not sentence Hamberlin to a suspended sentence because a habitual offender cannot receive a suspended sentence. Hamberlin's argument thus rest on the assertion that he should have received a stricter sentence in 2001 because of this status.

6

¶23. Hamberlin correctly states a habitual offender cannot receive a suspended sentence. See Miss. Code Ann. § 98-19-81 (Supp. 2014). Contrary to Hamberlin's assertions, however, the circuit court did not sentence him as a habitual offender in 2001. The grand jury indicted Hamberlin as an offender with a sentence enhancement pursuant to Mississippi Code Annotated section 41-29-147 (Supp. 2014), not as a habitual offender. Further, Hamberlin pleaded guilty for a lesser sentence without any enhancement.

¶24. "[A]n individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal." *Cook v. State*, 910 So. 2d 745, 747 (¶10) (Miss. Ct. App. 2005). Hamberlin attempts to do just this. Hamberlin received a lesser sentence from his 2001 guilty plea and seeks to attack his prior sentence in order to avoid serving his suspended term. Therefore, we find this issue is without merit.

¶25. Because we find no error on any of Hamberlin's claims, no cumulative error results to warrant a reversal. For these reasons, we affirm the circuit court's judgment.

¶26. **THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY. JAMES, J., NOT PARTICIPATING.**