## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-CA-01146-COA

**JERMAINE ROGERS A/K/A JERMAINE D. ROGERS**         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES E. MILLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 12/01/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Jermaine Rogers pleaded guilty to capital murder and received a life sentence without the possibility of parole. Rogers filed a petition for post-conviction collateral relief (PCCR), which the Rankin County Circuit Court dismissed. Rogers appeals. We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2. On February 9, 2005, a Rankin County grand jury indicted Rogers and Deandre Dampier for capital murder and conspiracy to commit murder. As part of a plea agreement,

Rogers pleaded guilty to the capital-murder charge, with the State recommending life without parole and dropping the second charge of conspiracy to commit murder. The circuit court accepted the terms of the agreement and sentenced Rogers to life without parole on October 7, 2005.

¶3. Rogers filed his first PCCR petition on August 29, 2006, an amended PCCR petition on July 7, 2007, and a second amended PCCR petition on February 29, 2008. Rogers primarily contended that, due to his mental health and intellectual disabilities, he lacked the competency to enter a voluntary guilty plea.

¶4. As part of the PCCR petitions, Rogers requested a psychological evaluation to determine his competency. The circuit court granted Rogers's request, and Dr. Linda Wilbourn conducted an evaluation and produced a report on January 5, 2014. Further, at a hearing on June 7, 2014, Rogers's parents testified to Rogers's mental problems. The circuit court, however, dismissed the PCCR petition.

## STANDARD OF REVIEW

¶5. "This Court will not overturn a trial court's dismissal of a PCCR [petition] on appeal 'unless the trial court's decision was clearly erroneous.'" *Hamberlin v. State*, 165 So. 3d 491, 493 (¶8) (Miss. Ct. App. 2015) (quoting *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013)). "When reviewing questions of law, this Court's standard of review is de novo." *Id.*

## ANALYSIS

¶6. Rogers asserts the following issues on appeal: ineffective assistance of counsel,

2

illegal sentence, and cumulative or plain error. Rogers also contends the circuit court erred in not conducting a full evidentiary hearing to determine his competency.

I.      *Whether Rogers received ineffective assistance of counsel.*

¶7.     Rogers contends he received ineffective assistance of counsel due to his trial counsel's failure to file several pretrial motions, specifically motions to request a change of venue and a mental evaluation to determine Rogers's competency to stand trial or plead guilty.

¶8.     To support an ineffective-assistance-of-counsel claim, Rogers must show: (1) his counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, "there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶9.     "The movant must allege facts pointing toward counsel's deficient performance with 'specificity and detail.'" *Bell v. State*, 117 So. 3d 661, 664 (¶10) (Miss. Ct. App. 2013) (citation omitted). However, "[i]n cases involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective assistance claim is without merit.'" *Cherry v. State*, 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Rogers failed to attach any affidavits in support of his contentions. In all three iterations of his PCCR petition, Rogers merely asserted he received ineffective assistance without alleging specific acts, except in his appellate brief. Therefore, Rogers failed to meet his burden in his PCCR petition.

¶10.    Additionally, Rogers pleaded guilty, which "waives claims of ineffective assistance

3

of counsel 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (quoting *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)). Rogers raises the issue that he involuntarily pleaded guilty due to mental illness and intellectual deficiencies.

¶11. Rogers states that, since the age of sixteen, he received medical treatment for depression. Rogers argues his counsel knew this and should have requested a psychological evaluation to determine whether he was competent to voluntarily plead guilty. The failure to do so resulted in ineffective assistance of counsel according to Rogers.

¶12. Rogers, however, does not meet his burden under *Strickland*. He fails to show how this omission by trial counsel constituted an error or caused prejudice. Additionally, because Rogers pleaded guilty, he must "show that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citing *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988)). Yet Rogers did not claim he would have not pleaded guilty or that he was in fact incompetent to voluntarily plead guilty.

¶13. Further, the plea colloquy indicated Rogers voluntarily pleaded guilty. The circuit court asked: "Are you telling the court that you're freely and voluntarily admitting your guilt to the crime you are charged with?" Rogers responded that he did. The circuit court also inquired into Rogers's counsel's representation, to which Rogers stated he was satisfied with his counsel, without any complaints. Therefore, Rogers failed to meet his burden, and this issue is without merit.

4

*II.      Whether Rogers received an illegal sentence.*

¶14.    As a second matter, Rogers argues the circuit court imposed an excessive sentence of life in prison without the possibility of parole, in violation of the statutory maximum.  Rogers claims his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.

¶15.    Rogers was indicted and pleaded guilty to capital murder under Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2006).  Mississippi Code Annotated section 97-3-21 (Rev. 2006) provided the punishment for a defendant convicted of capital murder: "Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in Section 47-7-3(1)(f)."

¶16.    Rogers cites to *Parker v. State*, 30 So. 3d 1222, 1228 (¶16) (Miss. 2010), for the proposition that a sentence of life without parole for a murder conviction exceeds the statutory maximum.  Parker, however, received a sentence under section 97-3-21 for murder. *Id.*  In contrast, Rogers pleaded guilty to capital murder.  Section 97-3-21's sentencing for capital murder clearly allows for a sentence of life without parole.  Therefore, this issue is without merit.

*III.      Whether plain or cumulative errors warrant the reversal of Rogers's conviction.*

¶17.    As an alternative argument, Rogers asserts that cumulative error applies if no individual error requires a reversal of his conviction.  "The cumulative error doctrine stems from the doctrine of harmless error[,] which holds that individual errors, which are not

5

reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Thompson v. State*, 990 So. 2d 265, 270 (¶12) (Miss. Ct. App. 2008) (quoting *Harris v. State*, 970 So. 2d 151, 157 (¶24) (Miss. 2007)). "However, reversal based upon cumulative error requires a finding or findings of error." *Id.* This Court found no error in any of Rogers's contentions on appeal; thus, we find no cumulative error.

¶18. Rogers also invokes the plain-error doctrine. "The plain-error doctrine permits the appellate court to review an 'obvious error which was not properly raised by the defendant on appeal, and which affects a defendant's "fundamental, substantive right."'" *Harper v. State*, 102 So. 3d 1154, 1161 (¶25) (Miss. Ct. App. 2012) (quoting *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008)). "The plain-error doctrine has been construed to include anything that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Stallworth v. State*, 2 So. 3d 766, 769 (¶7) (Miss. Ct. App. 2009) (citation and internal quotations omitted). This Court, however, finds no error that affects Rogers's fundamental rights. This issue is without merit.

> IV. *Whether the circuit court erred in failing to conduct a full evidentiary hearing to determine Rogers's competency.*

¶19. As a final issue, Rogers claims the circuit court erred by failing to hold a full evidentiary hearing during his PCCR-petition proceedings in order to determine his competency to enter a voluntary guilty plea.

¶20. "The movant bears the burden of proof to demonstrate by substantial evidence that the defendant is mentally incompetent to stand trial." *Vanwey v. State*, 55 So. 3d 1133, 1136

6

(¶6) (Miss. Ct. App. 2011) (citation omitted). "The key consideration when determining if a competency hearing is required is whether the court has a reasonable ground to believe that the defendant is incompetent to stand trial. *See* URCCC 9.06. What constitutes a 'reasonable ground' falls within the discretion of the trial court." *Id.* (citing *Richardson v. State*, 722 So. 2d 481, 486 (¶24) (Miss. 1998)).

¶21. Rogers asserts he met the requirements under *Chase v. State*, 873 So. 2d 1013, 1027-30 (¶¶67-81) (Miss. 2004), for a finding that he was mentally retarded. However, *Chase* outlines the procedure for determining the competency of a defendant to face the death penalty. *Id.* Instead,

> [t]his Court has held that the test for competency to stand trial mandates that a defendant is one: (1) who is able to perceive and understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.

*Martin v. State*, 871 So. 2d 693, 697 (¶17) (Miss. 2004). "The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial." *Henderson v. State*, 89 So. 3d 598, 603 (¶23) (Miss. Ct. App. 2011) (citation omitted).

¶22. At the plea colloquy, the circuit court asked whether Rogers suffered from any mental illness or disorder. Rogers responded that he received treatment for depression and at the time of the hearing took medication for his depression. However, this is the only indication of any mental disorder. Rogers affirmatively stated he understood the charges and the proceedings, spoke with his counsel concerning the charges, and recalled relevant facts. Further, his counsel indicated Rogers perceived the nature and severity of the crime and his

7

guilty plea. Based on the plea colloquy, the circuit court lacked any reasonable ground to order a competency hearing.

¶23. Moreover, during Rogers's PCCR-petition proceedings, the circuit court held a hearing and received evidence of Rogers's competency in the form of Dr. Wilbourn's evaluation and testimony from Rogers's mother and father concerning his mental state and intellectual abilities. After hearing the evidence, the circuit court agreed with the State's position that Rogers failed to present sufficient evidence under *Chase* to prove incompetency.

¶24. Though this Court finds *Chase* does not apply here, even under *Chase*, Rogers fails to meet his burden. The procedure in *Chase* requires an affidavit of an expert who attests that the petitioner, upon further testing, may be found mentally retarded, and such affidavit must be attached to the PCCR petition. *Chase*, 873 So. 2d at 1029 (¶¶79-80). Rogers provided no expert affidavits with his PCCR petition. Further, Dr. Wilbourn did not opine on Rogers's mental retardation. Therefore, this issue is without merit.

¶25. Because this Court finds no error on any of Rogers's claims, no cumulative or plain error results to warrant a reversal. Further, Rogers fails to show he received ineffective assistance of counsel, suffered from an illegal sentence, or lacked competency to submit a voluntary guilty plea. For these reasons, this Court affirms the circuit court's judgment.

¶26. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**